UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WALTER SANFORD                                              PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 1:22-CV-240-LG-RPM

BLAND HUFFMAN                                              RESPONDENT

## REPORT AND RECOMMENDATIONS

This matter is before the Court for consideration of Petitioner Walter Sanford's ("Sanford")

Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 on September 8, 2022. Doc.

[1]. Sanford, proceeding *pro se* and *in forma pauperis*, is an inmate at the South Mississippi

Correctional Institution. On January 20, 2017, a jury in the Circuit Court of Pearl River County

convicted Sanford of aggravated driving under the influence ("DUI") causing death. Doc. [12-7].

On February 7, 2017, the Circuit Court sentenced Sanford as a habitual offender to a twenty-five-

year sentence in the custody of the Mississippi Department of Corrections. Doc. [12-7], at 30. Doc.

[12-2], at 73–75. At the sentencing hearing, it was noted that Sanford had two prior felony DUI

convictions. Doc. [12-2], at 116.

With the aid of counsel, Sanford appealed his conviction and sentence, which were affirmed

by the Mississippi Supreme Court on May 3, 2018. Doc. [11-2], [12-2], at 86. *See Sanford v. State*,

247 So. 3d 1242 (Miss. 2018), reh'g denied, (July 26, 2018). Sanford did not seek further review

with the United States Supreme Court. Therefore, his conviction became final on October 24,

2018, ninety days after the time for seeking further direct review expired.

Around three years later, Sanford, proceeding *pro se*, filed a motion for post-conviction relief

challenging his conviction and sentence before the Mississippi Supreme Court on June 28, 2021.

Doc. [12-11]. The Mississippi Supreme Court denied Sanford's application for relief on September

7, 2021. Doc. [11-3]. Sanford filed the instant petition on September 8, 2022. Doc. [1]. Sanford

signed the petition and paid the filing fee on November 28, 2022. Doc. [4]. Respondent moved to

dismiss Sanford's petition on December 12, 2022. Doc. [11].

## I. **APPLICABLE LAW**

Respondent asserts that Sanford's petition is untimely under 28 U.S.C. § 2244(d). The

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as amended, provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposes a one-year statute of limitations for the filing

of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a

federal habeas petition must be filed within one year of the final judgment of the defendant's

conviction, subject to tolling for the period when a properly filed motion for post-conviction relief

is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), cert.

denied, 525 U.S. 1091 (1999). AEDPA's statute of limitations period may also be equitably tolled

if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

## II. DISCUSSION

### a. Timeliness

Respondent asserts that Sanford's federal habeas petition is untimely filed. Sanford's conviction and sentence became final on October 24, 2018, after providing ninety days to seek certiorari review. Doc. [11-2]. Therefore, under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Sanford's petition was due in this Court by October 24, 2019. Instead, he filed his petition on September 8, 2022. Thus, Sanford's petition was filed almost three years after the expiration of AEDPA's one-year statute of limitations.

Sanford is not entitled to statutory tolling because he filed his state post-conviction relief application after the one-year limitations period expired. *See Scott*, 227 F.3d at 263; *see also Fairley v. Kent*, 2019 WL 12374114, at *1 (5th Cir. 2019). Sanford's motion for state post-conviction relief has a signature date of June 17, 2021, which is well after the expiration of the federal habeas limitations period. Furthermore, Sanford has not shown that he is entitled to the benefits of equitable tolling. He offers no justification for his delay, and none appears in the record. Thus, he does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (the petitioner must establish that he has been

pursuing his rights diligently and some extraordinary circumstance stood in his way). Accordingly, the undersigned finds that Sanford has shown no reason he should be excused from meeting the AEDPA deadlines. Therefore, the petition should be dismissed as untimely filed.

b.   Actual Innocence

In ground one of his petition, Sanford states his conviction and sentence "should be vacated due to actual innocence." Doc. [1], at 5. Actual innocence can be a "gateway to federal habeas review" after the expiration of the § 2244(d)(1) statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] convincing showing of actual innocence enable[s] habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims," but a successful actual innocence claim is rare and requires a petitioner to persuade a district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quotation omitted). A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Sanford argues he is actually innocent because he was not the driver responsible for the DUI. Sanford stresses that a witness described the driver as having long hair and wearing a blue shirt. To assert his innocence, Sandford argues he was not the driver because he had short hair and wore a red shirt on the day of the accident. Doc. [1], at 5. He also makes allegations concerning the color of the driver's vehicle for further misidentification purposes.

Sanford raised these allegations at trial and on his post-conviction relief application. Doc. [12-11], at 14; Doc. [12-6], at 117–23; Doc. [12-10], at 64. Sanford acknowledges that he raised these same claims in his state court proceedings. Doc. [1], at 6; Doc. [1], at 18–20. At trial, the State

presented two witnesses who testified that Sanford was the driver. *Sanford*, 247 So. 3d at 1244.

The jury heard witness testimony concerning the driver's appearance and the vehicle model. Doc.

[12-6], at 117–36. Sanford even testified about his appearance on the day of the accident. *Id*. at 46;

70. He testified at trial and continued to assert on appeal that he was not driving the day of the

accident. Defense counsel at trial relied on misidentification arguments. Doc. [12-6], at 144. To

that end, defense counsel sought to admit photographs showing Sanford had short hair into

evidence. Doc. [12-6], at 35. The jury also heard testimony from a firefighter who responded to

the scene. When the firefighter asked Sanford what happened, according to the firefighter, Sanford

replied he "swerved or lost control and flipped the vehicle." Sanford's statement led the firefighter

to believe Sanford was the driver responsible for the accident. Doc. [12-5], at 60.

Sanford's federal habeas petition centers on allegations and evidence that were discussed at

trial. Therefore, his allegations cannot be construed as new for actual innocence purposes. *See*

*McQuiggin*, 569 U.S. at 386. Sanford has failed to support his claim with "new reliable evidence

. . . that was not presented at trial." *Schlup*, 513 U.S. at 324. Even assuming Sanford's

misidentification allegations constitute "new evidence," he has not convinced the undersigned that

based on the evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a

reasonable doubt." *McQuiggin*, 569 U.S. at 386. The jury rejected Sanford's arguments after

hearing all the testimony and evidence. For these reasons, the undersigned concludes Sanford is

not entitled to relief under the actual innocence exception. *See Williams v. Cain*, 2021 WL

3672228, at *7 (S.D. Miss. July 23, 2021); *Baham v. Vannoy*, 2020 WL 9455057, at *20 (E.D. La.

Oct. 9, 2020).

**RECOMMENDATION**

The undersigned recommends Respondent's Motion to Dismiss be granted and Petitioner Walter Sanford's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be dismissed with prejudice. Doc. [11],[1].

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 30th day of May 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE